UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD E. CARREON,

    Plaintiff(s),

v.

SMITH'S FOOD & DRUG STORES, et al.,

    Defendant(s).

Case No.: 2:18-cv-01933-APG-NJK

**Order**

(Docket Nos. 13, 14)

    Pending before the Court is Plaintiff's motion to compel discovery. Docket No. 13. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 13, 15, 19. Also pending before the Court is Defendant's motion for a protective order. The Court has considered Defendant's motion and supplement, Plaintiff's response, and Defendant's reply. Docket Nos. 14, 16, 20, 21. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the Court **GRANTS** in part and **DENIES** in part both Plaintiff's motion to compel and Defendant's motion for protective order. Docket Nos. 13, 14.

**I.    Background**

    Plaintiff alleges that he slipped on a liquid on the floor at Defendant's store and asserts negligence as well as negligent hiring, training, maintenance, and supervision. Docket No. 1-2 at 2-5. The instant motion addresses the discovery dispute regarding Plaintiff's request for a deponent with knowledge of prior injuries at Defendant's store where Plaintiff fell and other

properties owned by the same owner with the same safety procedures in Clark County (Deposition Topic of Knowledge 13) and documents related to any reports of prior injuries at Defendant's store and other properties in Clark County owned by the same owner during the preceding two years, allegedly caused by faulty freezers or related to the flooring material, cleaning methods, cleaning supplies, or any combination thereof. Docket No. 13 at 2.

## II.     Standards

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1). The most recent amendments to the discovery rules are meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark Cty. School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed.R.Civ.P. 37(a). The burden is on the party resisting discovery to demonstrate why a discovery request should be denied by specifying *in detail*, as opposed to general and boilerplate objections, why "*each request* is irrelevant." *FTC v. AMG Servs.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (internal citation omitted) (emphasis added). This requires the party resisting discovery to show for each request, irregardless of numerosity, how each of its objections is applicable, by providing the relevant standard for each objection and a meaningfully developed argument as to how the standard has been met. *See Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (rejecting blanket claims of privilege as sufficient to address the applicable

standard); *see also Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed).

The court may limit or preclude even relevant discovery if the burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26 (b)(2)(C). To obtain a protective order, the moving party bears the burden of showing "good cause" by demonstrating harm or prejudice that will result from the discovery. *Rivera v. NIBCO, Inc.*, 364 F. 3d 1057, 1063 (9th Cir. 2004). The moving party must demonstrate a "particular and specific need" for the protective order. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 20 (N.D. Cal. 1990). The Court may limit the frequency or extent of discovery, under Rule 26, if it determines that the discovery sought is unreasonably cumulative or duplicative, the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, or the proposed discovery is outside the scope of Rule 26(b)(1). "In deciding whether to restrict discovery under Rule 26(b)(2)(C), the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Roberts v. Clark Cty. Sch. Dist.*, 321 F.R.D. 594, 602 (D. Nev. 2016). Thus, "courts have the duty to pare down overbroad discovery requests under Rule 26(b)(2)." *Id.*

**III.    Analysis**

Plaintiff asks the Court to compel Defendant to produce a Rule 30(b)(6) deponent with knowledge of prior slip-and-fall injuries at all Defendant's stores in Clark County and to produce documents related to any reports of prior injuries in the last two years at Defendant's stores in Clark County which were allegedly caused by faulty freezers or related to specific flooring material conditions, or a combination of the two. Docket No. 13 at 2. Defendant contends that the requests are overly broad, unduly burdensome, and would yield little or no relevant evidence and, therefore, asks the Court to enter a protective order. Docket Nos. 14, 15.

Plaintiff contends that he is entitled to discover information about prior slip and fall incidents from Defendant's stores throughout Clark County. Docket No. 13 at 6. Plaintiff submits that the combination of floor material, polish and/or cleaning materials, and seasonal leaks make

the condition, which allegedly caused Plaintiff's fall, an ongoing, not temporary condition. *Id*. at 6. Plaintiff submits that, since the condition is ongoing, evidence of prior injuries from the same dangerous condition at other stores owned by Defendant is relevant to prove notice. *Id*. at 6, 8. Plaintiff submits that no privacy rights are implicated by the request and, to the extent there is any private or privileged information in the reports, it can be cured with redaction and a privilege log. *Id*. at 11. Plaintiff contends that his request is not overly broad because it is limited in geographic, temporal and topical scope. *Id*. at 11-12. Finally, Plaintiff contends that the requested information goes to the elements of his claim and that Defendant failed to demonstrate that the documents are either invaluable or that production would cause an undue burden. *Id*. at 13-14.

In response, Defendant contends that the requested information is not relevant. Docket No. 15 at 7. Defendant submits that the use of prior-incident evidence hinges on whether the hazard is permanent or temporary and whether there is a link between the incident at issue and the prior incident or incidents. *Id*. at 7-8. Defendant contends that the leak in this case was temporary, as shown by the maintenance records and the lack of other slip-and-fall incidents in that aisle and, thus, the request evidence is not relevant and inadmissible. *Id.* at 7-9. Defendant submits that Plaintiff's allegation that his fall occurred as part of a continuous condition of the flooring composition and leaked water is not supported by evidence and that the manner in which it maintains floors at the store is not relevant to Plaintiff's injuries. *Id*. at 10.

Further, Defendant contends that, even if prior incidents are relevant, they should be limited to two years prior to the incident in this case, and to incidents involving water in the aisle where the accident occurred due to leaks from beer-cooler refrigerated cases. *Id*. Defendant submits that all incidents of slip and fall from faulty freezers, floor material, cleaning methods or a combination at all of Defendant's stores is not proportional to the needs of the case. *Id*. Further, Defendant contends that slip-and-fall incidents due to other causes—such as other liquids or related to faulty freezers, flooring material, or cleaning supplies—would not produce similar incidents and, thus, would not lead to the discovery of admissible evidence. *Id*. at 4, 11-12. Finally, Defendant submits that the responsive information contains highly private information about customers, employees. *Id*. at 5.

| | |
|---|---|
| 1 | In reply, Plaintiff contends that discovery of similar issues at other stores is relevant |
| 2 | because the hazardous condition was not temporary. Docket No. 19 at 3. Plaintiff submits that |
| 3 | the prior records will help elucidate whether the condition was temporary and whether Defendant |
| 4 | had notice. *Id*. at 4. Additionally, Plaintiff submits that Defendant's records, including statements |
| 5 | from Defendant's employees in maintenance records and incident reports, support his assertion |
| 6 | that the condition was ongoing. *Id*. Plaintiff further submits that the requests are not overly broad |
| 7 | as he is limiting the request to evidence of similar slip and falls in other stores within a restricted |
| 8 | timeframe of two years and geographic scope of Clark County. *Id*. at 7. Further, Plaintiff submits |
| 9 | that, contrary to Defendant's assertions, he seeks a Rule 30(b)(6) witness with only generalized |
| 10 | knowledge of falls at Defendant's stores in Clark County that are governed by the same set of |
| 11 | safety procedures. *Id*. Finally, Plaintiff contends that the request is not disproportionate or unduly |
| 12 | burdensome and submits that it can be amended to significantly narrow the time required for |
| 13 | Defendant to produce the documents. *Id*. at 8. Accordingly, Plaintiff submits that he is willing to |
| 14 | amend his request to ask for "[i]ncident reports (including witness statements and photographs) |
| 15 | for falls in any Smith's in Clark County categorized in the Juris database as 'fall or slip in our |
| 16 | building' in an aisle with both (1) a refrigerator or freezer unit and (2) similar flooring to the |
| 17 | flooring [Plaintiff] fell on." *Id*. at 9. |
| 18 | Plaintiff's amended request, as set forth in his reply, mirrors Defendant's alternative |
| 19 | request in its response to the motion to compel. Docket Nos. 15 at 10; 19 at 9. Further, this Court |
| 20 | has previously found such discovery relevant and in proportional in similar circumstances. *See* |
| 21 | *Schroeder v. Smith's Food & Drug Center*, 2013 WL 5493153 (D. Nev. 2013). |
| 22 | **IV.  Conclusion** |
| 23 | Accordingly, the Court hereby **GRANTS** in part and **DENIES** in part both Plaintiff's |
| 24 | motion to compel and Defendant's motion for protective order. Docket Nos. 13, 14. The Court |
| 25 | **ORDERS** that, no later than March 28, 2019, Defendant shall produce any incident reports |
| 26 | (including witness statements and photographs) for two years prior to the incident in the instant |
| 27 | case, from incidents of slip and falls in any Smith's store in Clark County owned by the same |
| 28 | owner, involving water on the floor that has a nexus to a faulty freezer. Further, Defendant shall |

produce a Rule 30(b)(6) witness, no later than March 28, 2019, who is prepared to testify, inter alia, about theses similar incidents.

IT IS SO ORDERED.

Dated: February 26, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge