# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD E. CARREON,

    Plaintiff(s),

v.

SMITH'S FOOD & DRUG STORES,

    Defendant(s).

Case No.: 2:18-cv-01933-APG-NJK

**Order**

[Docket No. 30]

Pending before the Court is Plaintiff's motion to reopen discovery. Docket No. 30. Although the issue is framed as a request to reopen discovery, the instant dispute is actually centered on whether a supplemental disclosure should be excluded. To wit, Defendant indicated that a motion to exclude would be filed if the disclosure was not withdrawn. *See* Docket No. 30 at 54. Plaintiff's motion addresses this dispute in a tangential manner and provides little analysis of the applicable standards.[1] The dispute is better resolved through a motion from Defendant seeking to strike the disclosure or seeking other relief. Plaintiff may respond to that motion with any arguments he wishes to present, including that any harm can be ameliorated by reopening discovery.

---

[1] The motion does not cite a single case regarding supplemental disclosures even though there is ample jurisprudence. *See, e.g.*, *Silvangi v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237 (D. Nev. 2017) (providing extensive discussion of the requirements for supplemental disclosures and the appropriate remedies in the event of improper disclosures). Especially given the significance of this issue to the case, the Court expects any further motion practice to be well-developed.

1

Accordingly, the motion to reopen discovery is **DENIED** without prejudice. To the extent Defendant wishes to challenge the disputed supplemental disclosure, it must file a motion doing so by July 11, 2019.

IT IS SO ORDERED.

Dated: June 28, 2019

_____
Nancy J. Koppe
United States Magistrate Judge