# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD E. CARREON,

    Plaintiff(s),

v.

SMITH'S FOOD & DRUG STORES, et al.,

    Defendant(s).

Case No.: 2:18-cv-01933-APG-NJK

**Order**

(Docket Nos. 32, 33)

Pending before the Court are Defendant's motion to strike/exclude Plaintiff's fifth supplemental disclosure and Plaintiff's countermotion to reopen discovery. Docket Nos. 32, 33. The Court has considered Defendant's motion, Plaintiff's response and countermotion to reopen discovery, Defendant's reply to its motion and response to Plaintiff's countermotion to reopen discovery, and Plaintiff's reply to his countermotion. Docket Nos. 32, 33, 34, 35.[1] The Court finds the motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** Defendant's motion to exclude Plaintiff's fifth supplemental disclosure. Docket No. 32.

. . .

. . .

---

[1] Plaintiff was required to file his countermotion separately from his response to Defendant's motion. LR IC 2-2(b). Nonetheless, the Court considers his countermotion, Defendant's response, and Plaintiff's reply.

1

## I. Background

Plaintiff alleges that he slipped on a liquid on the floor at Defendant's store and asserts causes of action for negligence as well as negligent hiring, training, maintenance, and supervision. Docket No. 1-2 at 2-5. The Court set a scheduling order with a close of discovery on April 8, 2019. Docket No. 9. The parties requested, and the Court subsequently granted, an extension of discovery to June 7, 2019. Docket No. 18. In the instant motion, Defendant asks the Court to exclude Plaintiff's fifth supplemental disclosure which included additional medical bills, treatment records, and an updated computation of damages. Docket No. 32. Plaintiff, in his countermotion, asks the Court to reopen discovery. Docket No. 33.

## II. Standards

### A. Initial Disclosure Requirement

Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. These disclosures must include a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)(iii). There are several important purposes of the initial disclosure requirements, including putting parties on notice of the factual and legal contentions of the opposing party. *See, e.g. Ollier v. Sweetwater Union High School Dist.,* 768 F.3d 843, 862-62 (9th Cir. 2014). Additionally, these disclosures accelerate the exchange of information and assist the parties in focusing and prioritizing their organization of discovery. *See R&R Sails, Inc. v. Insurance Co. of Penn.,* 673 F.3d 1240, 1246 (9th Cir. 2012); *see also City & County of San Francisco v. Tutor-Saliba Corp.,* 218 F.R.D. 219, 221 (N.D. Cal. 2003).

Courts have a duty to enforce these disclosure requirements; however, courts must apply the Rules with "common sense," keeping in mind the purpose that the Rules are intended to accomplish. *See, e.g., Jackson v. United Artists Theatre Circuit, Inc.,* 278 F.R.D. 586, 592 (D. Nev. 2011). Rule 26 does not elaborate on the level of specificity required in the initial damage computation. *Allstate Ins. Co. v. Nassiri,* 2011 WL 2977127, *4 (D. Nev. July 21, 2011). Courts recognize that a "computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff." *LT Game Int'l Ltd. v. Shuffle*

*Master, Inc.,* 2013 WL 321659, *6 (D. Nev. Jan. 28, 2013)). Generally, the initial damages computation is viewed as merely a preliminary assessment that is subject to revision. *Tutor-Saliba*, 218 F.R.D. at 222.

Nonetheless, the word "computation" contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages. *Nasiri,* 2011 WL 2977127, at *4. A party's initial disclosure should provide "the best information then available to it concerning that claim, however limited and potentially changing it may be." MOORE'S FEDERAL PRACTICE, § 26.22 [4][c][i] (3d ed. 2016).[2]

B. Supplemental Disclosures

A preliminary assessment may suffice at the outset of a case; however, as the case progresses, parties have a duty to diligently obtain the necessary information and provide updated damage computations within the discovery period. *Jackson v. United Artists Theatre Circuit, Inc.,* 278 F.R.D. 586, 593 (D. Nev. 2011). Rule 26(e)(1) requires a party making initial disclosures to supplement or correct its disclosures or responses in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and that the additional or corrective information has not otherwise been known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). This supplementation is a duty, not a right. *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009).

Rule 26(e) does not establish a timeline for supplemental disclosures and, therefore, timing is better gauged in relation to the availability of supplemental information. *Dayton Valley Investor, LLC v. Union Pac. R. Co.,* 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010). Since there is no rule with respect to supplementation timing in the context of other discovery deadlines, the inquiry is whether the timing of the supplemental disclosure is reasonable, based on when the information was available to the plaintiff. *See, e.g., Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D.Nev. Mar. 29, 2017). A plaintiff undoubtedly has a duty to obtain sufficient relevant

---

[2] The touchstone of this analysis is whether information is "reasonably available" to the plaintiff. A plaintiff is not excused from initial disclosures because of a failure to adequately investigate his case. Fed. R. Civ. P. 26(a)(1)(E).

information for disclosure of damages within a reasonable period, but the Rules provide flexibility in both the initial computation and in supplementing the disclosures as the case progresses. *Id.*

    C. <u>Sanctions for Failing to Comply with Disclosure Requirements</u>

When a defendant believes that a plaintiff has failed to timely comply with the requirements of disclosure, that defendant may move for sanctions under Rule 37(c). Rule 37 "gives teeth" to the disclosure requirements of Rule 26(e). *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001). The party requesting discovery sanctions bears the initial burden of establishing that the opposing party failed to comply with the disclosure requirements. *Silvgani v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241-242. If the movant satisfies its burden, the court must first, using its discretion, determine whether the failure to comply with the initial disclosure requirements was either substantially justified or harmless. *Id.* Here, the burden shifts to the party facing sanctions to show that substantial justification or harmlessness exists. *Id.* The Ninth Circuit has noted that lower courts are entrusted with wide latitude in exercising their discretion to impose Rule 37(c) sanctions. *See, e.g., Yeti by Molly, Ltd.*, 259 F.3d at 1106.

When deciding whether to impose exclusion sanctions, Courts look at various factors, including (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See, e.g., Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). When an exclusion sanction is equivalent to dismissing a claim, the court must also consider whether the non-compliance involved willfulness, fault, or bad faith. *R&R Sails, Inc.,* 673 F.3d at 1247. A finding of willfulness, fault, or bad faith is not required; however, it may be a factor in deciding what level of sanctions to impose. *Jackson v. United Artists Theatre Circuit, Inc.,* 278 F.R.D. 586, 594 (D. Nev. 2011).

Even if substantial justification or harmlessness is not found, exclusion sanctions are not required. *Jackson*, 278 F.R.D. at 594. Instead, Rule 37(c) permits the court to impose other sanctions in addition to or instead of exclusion sanctions, including payment of attorneys' fees,

informing the jury of the party's failure, and other appropriate sanctions. Fed. R. Civ. P. 37(c)(1)(A)-(C).

Exclusion is a harsh sanction and should be imposed only in rare instances. *Silvgani v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243. Absent a showing of bad faith or misconduct, courts are wary of imposing exclusion sanctions unless the movant can demonstrate a significant possibility of prejudice as a result of the untimely disclosure. *Id.* While courts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed, the court is hesitant to impose exclusion sanctions even in cases where the disclosure of damages is very belated. *Jones v. Wal-Mart Stores, Inc.*, 2016 WL 1248707, at *7 (D. Nev. Mar. 28, 2016).

Courts have a strong preference for deciding cases on the merits whenever reasonably possible. *E.g., Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Parties have a duty to work together and cooperate toward the just, speedy, and inexpensive resolution of litigation. *See* Fed. R. Civ. P. 1. The disclosure rules, and motions for sanctions, are not to be viewed as procedural weapons for litigants to gain a tactical advantage. *Silvgani*, 320 F.R.D. at 243. Counsel should seek to work out agreements that will reasonably permit them to respond to evidence and defend claims on the merits rather than resort to motions for exclusion. *Jones*, 2016 WL 1248707, at *7.

**III. Analysis**

Defendant submits that Plaintiff served a fifth supplemental disclosure on June 7, 2019, with medical bills and records from Innovative Procedural Surgical Center ("IPSC") and Innovative Pain Care Center ("IPCC"). Docket No. 32 at 6. Defendants submits that the disclosure also included a computation of damages, which listed Plaintiff's past medical expenses of $270,632.30. *Id.* Additionally, Defendant submits that, while Plaintiff previously supplemented the disclosures four times, Plaintiff never disclosed the IPSC provider and failed to update the damages computation, until the fifth supplemental disclosure provided on the day that discovery closed. *Id.* Defendant submits that Plaintiff is not substantially justified in his untimely supplement since the medical bills and records at issue show that he received the newly-disclosed treatment from August 21, 2017 to January 23, 2018, months prior to his initial disclosure. *Id.* at

5

3, n. 6. Defendant submits that the untimely supplement is particularly egregious, as the treatment was billed on an attorney lien and, therefore, Plaintiff's counsel knew or should have known about the additional treatment. *Id*. at 10. Defendant submits that at least some of the treatment disclosed in the fifth supplement appears to be a continuation of treatment related to a prior work accident. *Id*. at 3. Defendant further submits that Plaintiff's worker's compensation record from that prior treatment is missing and that, without that record, Plaintiff cannot meet his burden of proving that the recent treatment is different from prior treatment or necessary because the accident aggravated his preexisting condition. *Id*. at 3-4. Finally, Defendant submits that it has suffered prejudice as a result of the untimely disclosure; specifically, it is now unable to conduct discovery related to this newly-disclosed treatment, including retaining a medical expert, collecting the new medical records and bills, re-taking Plaintiff's depositions, and taking the deposition of the treating physician. *Id*. at 12.

In response and countermotion, Plaintiff submits that the untimely disclosure was either substantially justified or harmless. Docket No. 33 at 9. Plaintiff submits that, while Defendant would be prejudiced if it was forced to go to trial without additional discovery to address the newly-disclosed medical treatment and bills, this prejudice is curable if the Court reopens discovery. *Id*. at 9-10. Plaintiff further submits that the late disclosure will not disrupt trial because no trial date has been set and the parties' proposed trial dates are in February, March and April of 2020. *Id*. at 11. Additionally, Plaintiff submits that the late disclosures were not a product of bad faith and that he previously disclosed the names of the doctors involved in the treatment, although the fifth disclosures included a different practice name. *Id*. at 11-12. Further, Plaintiff submits that he provided Defendant with a medical record authorization and, therefore, Defendant had the means and knowledge to gather the information itself. *Id*. at 13. Plaintiff submits that exclusion is not appropriate in this case and that lesser sanctions are available and more appropriate. *Id*. at 13-16. Finally, Plaintiff submits that the only additional cost to the late disclosure, compared to a timely one, is added costs associated with redisposing Plaintiff and that he will cover any costs associated with that. *Id*. at 15-17.

In reply and response to Plaintiff's countermotion, Defendant submits that Plaintiff fails to provide any justification, let alone substantial justification, why he was not diligent in obtaining and providing records, including that Plaintiff's billing verification request was sent two days before the close of discovery. Docket No. 34 at 2-3. Defendant submits that Plaintiff's attempt to shift the burden of obtaining medical records to Defendant is misguided and improper. *Id*. at 3. Defendant additionally submits that Plaintiff's release was invalid because it contained an erroneous social security number and that Defendant had no indication, based on Plaintiff's four previous identical disclosures, that Plaintiff had received additional medical treatment or that his damages had increased. *Id*. Defendant further submits that it previously attempted to verify the medical records and bills with Plaintiff's provider, but never received a response. *Id*. at 4. Defendant submits that the late disclosure is not harmless, that Defendant is prejudiced by it, and that Plaintiff cannot cure any prejudice associated with Plaintiff's prior injury medical records and bills. *Id*. at 6-7. Further, Defendant submits that exclusion is the appropriate remedy because the information was available to Plaintiff months prior to when he disclosed it, Plaintiff fails to show any justification for the late disclosure, and Defendant is prejudiced by the late disclosure. *Id*. at 7-8.

The Court finds that Plaintiff provided the fifth supplement in violation of Rule 26(a) and 26(e), triggering sanctions unless Plaintiff can show that his failure is substantially justified or harmless. The Court finds Plaintiff fails to meet his burden of showing that the late supplemental disclosure was substantially justified or harmless.

As an initial matter, Plaintiff concedes that Defendant is prejudiced by the late disclosure. Further, the Court is unconvinced by Plaintiff's argument that reopening discovery will cure the prejudice. Discovery in this case was open for nearly ten months and has been closed since June 7, 2019. In addition, Plaintiff supplemented his initial disclosures four times, demonstrating that he is aware of his obligation to do so. Plaintiff's fifth disclosure occurred on the day that discovery closed, but contained information regarding treatment that occurred over one year before the supplement. The Court finds that Plaintiff failed to diligently provide this information to Defendant. Plaintiff has the obligation to provide accurate and complete disclosures and he cannot

shift the burden to Defendant.  Moreover, while Plaintiff agrees to cover the costs of his redeposition, the Court finds that reopening discovery would not cure the prejudice to Defendant caused by Plaintiff's untimely disclosure.

Even where the late disclosure is neither harmless nor justified, however, the Court is not required to exclude the evidence.  Rule 37(c)(1) enumerates a number of alternative sanctions, including payment of reasonable expenses incurred, an order that the movant may inform the jury of the opposing party's failure, or any other "appropriate" sanction.  The Court has wide discretion in determining the appropriate sanction, but looks to the five factors outlined in *Wendt* to determine the appropriate sanction.

Here, the Court finds that excluding Plaintiff's fifth supplemental disclosure is appropriate. The Court finds that Defendant has been prejudiced in its ability to prepare for trial.  The Court finds that Plaintiff's request to reopen discovery would not remedy the prejudice to Defendant. Reopening discovery would cost Defendant money, prevent an expeditious resolution of this case, and interfere with the Court's ability to manage its docket.  Moreover, excluding Plaintiff's late disclosures is not a case-dispositive sanction as Plaintiff will still be able to try the case on the merits based on the medical records and damages previously disclosed.

**IV.  Conclusion**

Accordingly, the Court **GRANTS** Defendant's motion to strike/exclude Plaintiff's untimely fifth supplemental disclosure.  Docket No. 32.  The Court **DENIES** Plaintiff's motion to reopen discovery.  Docket No. 33.

IT IS SO ORDERED.

Dated: August 6, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge